IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA M. S.,[1]                                    6:19-cv-01317-BR

            Plaintiff,                    OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.


KATHERINE L. EITENMILLER
KATIE TAYLOR
Harder, Wells, Baron & Manning, P.C.
474 Willamette St.
Eugene, OR  97401
(541) 686-1969

            Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

       [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3706

        Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Lisa M. S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for the immediate calculation and payment of benefits.


## ADMINISTRATIVE HISTORY

On September 15, 2015, Plaintiff protectively filed her

application for SSI benefits.  Tr. 53, 271.[2]  Plaintiff initially
alleged a disability onset date of May 13, 2010.  Tr. 53, 271.
Plaintiff's application was denied initially and on
reconsideration.  An Administrative Law Judge (ALJ) held a
hearing on February 22, 2018.  Tr. 53, 71-101.  At the hearing
Plaintiff amended her alleged disability onset date to
September 15, 2015.  Tr. 53, 76.  Plaintiff and a vocational
expert (VE) testified at the hearing.  Plaintiff was represented
by an attorney at the hearing.

On June 20, 2018, the ALJ issued an opinion in which she
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 53-64.  Plaintiff requested review by the
Appeals Council.  On July 1, 2019, the Appeals Council denied
Plaintiff's request to review the ALJ's decision, and the ALJ's
decision became the final decision of the Commissioner.
Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On August 20, 2019, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.

---

[2]  Citations to the official Transcript of Record (#9) filed
by the Commissioner on January 22, 2020, are referred to as
"Tr."

3 - OPINION AND ORDER

## BACKGROUND

Plaintiff was born on April 17, 1989.  Tr. 63, 271.
Plaintiff was 26 years old on her amended alleged disability
onset date of September 15, 2015.  Tr. 63.  Plaintiff has at
least a high-school education.  Tr. 63.  Plaintiff does not have
any past relevant work experience.  Tr. 63.

Plaintiff alleges disability due to Post-Traumatic Stress
Disorder (PTSD), anxiety, and "stress and tension disorder."
Tr. 170.

Except as noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 56-57, 60-62.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110
(9th Cir. 2012).  To meet this burden, a claimant must
demonstrate her inability "to engage in any substantial gainful
activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591

(9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R.

§ 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since September 15, 2015, Plaintiff's amended alleged disability onset date.  Tr. 55.

At Step Two the ALJ found Plaintiff has the severe
impairments of anxiety-adjustment disorder, social phobia
disorder, panic disorder, PTSD, "language disorder," and
borderline intellectual functioning.  Tr. 55.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 57.  The ALJ found Plaintiff has the RFC to
perform light work with the following limitations:  can sit for
one hour before needing to stand or to walk for no more than one
minute before resuming a seated position; cannot climb ladders,
ropes, or scaffolds; cannot be exposed to extreme heat or cold;
should avoid concentrated exposure to airborne irritants; can
understand, remember, and carry out only short and simple
instructions; can make only simple work-related judgments and
decisions; cannot perform activities in math and language
greater than GED level 1; cannot have frequent interactions with
the public, coworkers, and supervisors; and can have only
occasional changes in routine work settings.  Tr. 59.

At Step Four the ALJ concluded Plaintiff does not have any
past relevant work.  Tr. 63.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as cleaner/housekeeper, bakery-worker conveyer, and sander.  Tr. 64.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 64.

## DISCUSSION

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons (1) for discounting the opinion of Teresa Dobles, Psy.D., an examining psychologist, and Johnathan Stemer, QMHP, a treating therapist, and (2) for discounting Plaintiff's subjective symptom testimony.

**I.  The ALJ erred when she failed to provide legally sufficient reasons for discounting the opinions of Dr. Dobles and QMHP Stemer.**

Plaintiff contends the ALJ erred when she discounted the medical opinions of Dr. Dobles, an examining psychologist, and QMHP Stemer, a treating therapist.

### A.  Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.

10 - OPINION AND ORDER

2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*  When contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

Medical sources are divided into two categories: "acceptable medical sources" and "other sources."  20 C.F.R.

§ 416.913.  Acceptable medical sources include licensed

physicians and psychologists.  20 C.F.R. § 416.913(a).  Medical

sources classified as "other sources" include, but are not

limited to, nurse practitioners, therapists, licensed clinical

social workers, and chiropractors.  20 C.F.R. § 416.913(d).

With respect to "other sources," the Social Security

Administration Regulations provide:

> With the growth of managed health care in recent
> years and the emphasis on containing medical
> costs, medical sources who are not acceptable
> medical sources, such as nurse practitioners,
> physician assistants, and licensed clinical
> social workers, have increasingly assumed a
> greater percentage of the treatment and
> evaluation functions previously handled primarily
> by physicians and psychologists.  Opinions from
> these medical sources, who are not technically
> deemed acceptable medical sources under our
> rules, are important and should be evaluated on
> key issues such as impairment severity and
> functional effects, along with the other relevant
> evidence in the file.

SSR 06-03p, at *3.  Factors the ALJ should consider when

determining the weight to give an opinion from those "important"

sources include the length of time the source has known the

claimant, the number of times and frequency that the source has

seen the claimant, the consistency of the source's opinion with

other evidence in the record, the relevance of the source's

12 - OPINION AND ORDER

opinion, the quality of the source's explanation of his opinion,
and the source's training and expertise.  SSR 06-03p, at *4.  On
the basis of the particular facts and the above factors the ALJ
may assign an "other source" either greater or lesser weight
than that of an acceptable medical source.  SSR 06-03p, at *5-6.
The ALJ, however, must explain the weight assigned to such
sources so that a claimant or subsequent reviewer may follow the
ALJ's reasoning.  SSR 06-03p, at *6.  "The ALJ may discount
testimony from . . . 'other sources' if the ALJ 'gives reasons
germane to each witness for doing so.'"  *Molina*, 674 F.3d at
1111 (quoting *Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217,
1224 (9th Cir. 2010)).

   **B.   Analysis**

      **1.   Dr. Dobles**

         On January 18, 2018, Dr. Dobles performed a
comprehensive psychological examination of Plaintiff.
Tr. 1080-92.  Dr. Dobles noted the testing showed Plaintiff has
a borderline range of intellectual function and a low-average
range for perceptual organization, working memory, and
processing speed tests.  Tr. 1083.  Dr. Dobles concluded
Plaintiff has impaired verbal reasoning ability; mildly impaired

nonverbal reasoning ability; impaired-to-low-average ability to
sustain attention, to concentrate, and to exert mental control;
and mildly-impaired to low-average ability to process simple or
routine visual material.  Tr. 1084.  Dr. Dobles noted
Plaintiff's responses on the Personality Assessment Inventory
(PAI) were occasionally idiosyncratic or inconsistent, but he
noted it could be a result of Plaintiff's reading difficulties,
carelessness, confusion, or attempts at impression management.
Tr. 1085.  Dr. Dobles noted such responses were usually
associated with marked distress and severe impairment in
functioning; indicated a high degree of somatic concerns,
anxiety, and depression; and indicated Plaintiff was withdrawn,
introverted, and/or may have difficulty interpreting the normal
nuances of interpersonal behavior.  Tr. 1085.  Dr. Dobles
diagnosed Plaintiff as having PTSD, language disorder, social
phobia disorder, panic disorder, and rule-out mild cognitive
disorder.  Tr. 1087.  Dr. Dobles opined:

> In light of [Plaintiff's] numerous psychiatric
> symptoms which persist even with psychotherapy and
> medication treatment, as well as her cognitive
> impairments, it is highly unlikely that [Plaintiff]
> would [] be able to be employed in a regular or even a
> sheltered setting at this time.

Tr. 1087, 1175, 1183.  Dr. Dobles found Plaintiff is moderately

impaired in her ability to understand, to remember, and to carry
out simple instructions; to make simple or complex work-related
decisions; to interact appropriately with the public and
coworkers; and to respond appropriately to usual work situations
and changes in a routine work setting.  Tr. 1090.  In addition,
Dr. Dobles determined Plaintiff has marked impairment in her
ability to understand, to remember, and to carry out complex
instructions and to interact appropriately with supervisors.
Tr. 1090.  Dr. Dobles also opined Plaintiff would miss more than
four workdays per month due to the severity of her disorders.
Tr. 1092.

        Although the ALJ gave Dr. Dobles's opinion "little
weight" on the ground that Plaintiff had a "tendency to
exaggerate symptoms" (Tr. 62), Dr. Dobles specifically stated:
"The interpretation of the report has been modified to decrease
the chance of overrepresentation of symptoms" by Plaintiff.
Tr. 1085.  Dr. Dobles also stated "[e]ven in light of a tendency
to exaggerate symptoms, profile patterns of this type are
usually associated with marked distress and severe impairment of
functioning."  Tr. 1085.  Thus, the ALJ's reliance on
Plaintiff's possible overreporting of symptoms to Dr. Dobles is

not a legitimate reason to discount Dr. Dobles's opinion
inasmuch as Dr. Dobles accounted for any overrepresentation by
Plaintiff in his assessment of Plaintiff's limitations.

     The ALJ also discounted Dr. Dobles's opinion on the
ground that it was "inconsistent with [Plaintiff's] activities
of daily living involving caring for her young child and
maintaining her household."  Tr. 62.  Dr. Dobles, however,
stated:  "It is likely that [Plaintiff's] current presentation
is her best as she has been in a long-term stable, loving and
safe environment and been in treatment for her psychiatric
symptoms for over a year."  Tr. 1087.  Dr. Dobles also stated
Plaintiff's mental disorders significantly impaired her ability
to sustain performance and social functioning in a work setting.
Tr. 1087.  The ALJ does not point to any evidence regarding
Plaintiff's activities in caring for her child that shows a
specific conflict with the limitations assessed by Dr. Dobles.
*See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017)(The
ALJ erred when he failed to provide specific details regarding
the claimant's childcare activities that undermined her claimed
limitations).

     The ALJ also found Dr. Dobles's opinion was

inconsistent with the opinions of the state-agency
psychologists.  Tr. 62.  In January 2016 Winifred Ju, Ph.D., a
state-agency evaluator, reviewed Plaintiff's medical records.
Dr. Ju opined Plaintiff was able to understand, to remember, and
to perform simple, routine tasks, but she found Plaintiff would
have difficulty with detailed, complex tasks and would have to
avoid frequent contact with coworkers and the public.  Tr. 61,
179.  In June 2016 Ben Kessler, Psy.D., another state-agency
evaluator, agreed with Dr. Ju's opinion.  Tr. 61, 196.  The
Ninth Circuit has held the opinions of non-treating, non-
examining physicians "do not, by themselves, constitute
substantial evidence that justifies the rejection of the
opinion" of an examining doctor.  *Treichler v. Comm'r of Soc.
Sec. Admin.*, 775 F.3d 1090, 1107 n.8 (9th Cir. 2014).  Thus, the
ALJ's reliance on the state-agency reviewers does not constitute
a specific and legitimate reason for discounting Dr. Dobles's
opinion that was given two years later.

     Finally, the ALJ discounted Dr. Dobles's opinion on
the ground that Plaintiff reported to Dr. Dobles that her only
job in the past was as a housekeeper and that it had only lasted
four days.  Plaintiff's resume, however, indicated she worked "a

17 - OPINION AND ORDER

multitude of jobs" from 2002 to 2015.  Tr. 62.  In fact,
Dr. Dobles noted Plaintiff worked many "odd jobs" and
volunteered at St. Vincent de Paul in addition to her brief
employment as a housekeeper.  Tr. 1081.  Thus, Plaintiff's
report to Dr. Dobles that she only worked as a housekeeper in
the past does not constitute a legal sufficient reason for
discounting Dr. Dobles's assessment of Plaintiff's limitations.

On this record the Court concludes the ALJ erred when
she failed to provide legally sufficient reasons supported by
substantial evidence in the record for discounting Dr. Dobles's
opinion regarding Plaintiff's limitations.

### 2.   QMHP Stemer

In May 2017 Plaintiff began weekly individual therapy
sessions with QMHP Stemer.  Tr. 1073.  In January 2018
QMHP Stemer evaluated Plaintiff's mental health and noted
Plaintiff's symptoms include anxiety, chronic pain, and social
anxiety, which impacts her ability to develop friendships and
interpersonal relationships.  Tr. 1074.  QMHP Stemer opined
Plaintiff would have challenges working with the public and with
coworkers due to social anxiety together with her propensity to
"shut down" and her outbursts.  Tr. 1074.  He also noted

Plaintiff's compromised cognitive abilities could impact her ability to follow through on tasks. Tr. 1074. He concluded it was "uncertain" whether Plaintiff has the mental and emotional stability to handle a job due to her limitations. Tr. 1074. QMHP Stemer also indicated Plaintiff had moderate-to-marked impairment in her ability to understand, to remember, and to carry out simple instructions and to respond appropriately to routine work situations and to changes in a routine work setting; marked impairment in her ability to make simple work-related decisions and to interact appropriately with the public, supervisors, and coworkers; and extreme limitations in her ability to understand, to remember, to carry out, and to make complex work-related decisions. Tr. 1077. He also concluded Plaintiff would miss more than four workdays per month. Tr. 1079.

The ALJ gave QMHP Stemer's opinion "little weight" on the grounds that it was "equivocal"; that QMHP's opinion did not reflect Plaintiff's functioning during the relevant period starting in 2015; and that it was based on "chronic physical pain," an area outside of QMHP Stemer's expertise as a mental-health professional. Tr. 62, 1074.

The record, however, reflects QMHP Stemer based his opinion on his own observations of Plaintiff during counseling and the medical records covering her treatment.  Those observations and records consistently reflect Plaintiff appeared anxious; demonstrated slow, tangential, rapid, or pressured speech; and "needed to be interrupted" by treatment providers.  Tr. 796, 804, 808, 997, 1097, 1099, 1126, 1157, 1165.  The Court also notes the record reflects QMHP Stemer's opinion relates only to the psychological impact of Plaintiff's physical symptoms.  Moreover, QMHP Stemer's opinion was consistent with Dr. Dobles's conclusions regarding Plaintiff's limitations.  Tr. 1092.

On this record the Court concludes the ALJ erred when she failed to provide legally sufficient reasons supported by substantial evidence in the record for discounting QMHP Stemer's opinion.

**II.  The ALJ erred when she failed to provide legally sufficient reasons for discounting Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

**A.    Standards**

        The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant need not show his "impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof."  *Garrison*, 759 F.3d at 1014.

        If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear

and convincing reasons for doing so." *Garrison*, 759 F.3d at
1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,
883 (9th Cir. 2006)(same). General assertions that the
claimant's testimony is not credible are insufficient. *Parra v.
Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints." *Id*. (quoting *Lester v.
Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

   **B.   Analysis**

        At the hearing Plaintiff testified she attended school
through the twelfth grade and received a modified high-school
diploma. Tr. 80, 92. She took refresher courses in reading and
writing at the local community college, which were challenging
because of her anxiety around others and her difficulties with
understanding and concentrating in class. Tr. 80-81. Plaintiff
states she uses marijuana daily for anxiety and back pain, she
experiences anxiety daily and is unable to function well in
public, and she cannot be around too many people and sometimes
calls her husband to pick her up when she is in a place with too
many people. Tr. 82, 85, 89. Plaintiff also testified she
experiences anger and irritability under stress, which causes

her to lash out and yell at others.  Tr. 92-93.  Plaintiff
stated she needs reminders to take medications and to attend
appointments, and she receives help from family and friends to
take care of her daughter.  Tr. 91, 94.  In a written Function
Report Plaintiff stated she has problems with anxiety,
concentration, communication, and comprehension, needs someone
to accompany her when she leaves the house because of anxiety
and communication difficulties, and does not follow instructions
well and needs others to explain things to her.  Tr. 485, 488,
490.

        The ALJ discounted Plaintiff's symptom testimony on
the grounds that it was inconsistent with the medical evidence
and/or with Plaintiff's daily activities.  Tr. 60-61.  For
example, the ALJ noted Plaintiff traveled to California to visit
her mother and to handle matters related to property that
Plaintiff owns.  Plaintiff also reported to Dr. Dobles that she
gets her daughter ready for school, cleans the house, and does
laundry every day.  Tr. 1081.  The ALJ also noted other
treatment records reflect Plaintiff was trying to obtain
disability and "doing the footwork on her own" and Plaintiff was
"navigating moving, working things out with a difficult

landlady, [and] taking care of her household."  Tr. 854.

Social Security Regulations have eliminated the use of the term "credibility" when considering a claimant's subjective symptom testimony.  *See* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).  As noted, the standard is whether there is "substantial evidence" to support the ALJ's conclusion.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  In addition, the Ninth Circuit has indicated when discussing mental-health issues,

> it is error to reject a claimant's testimony
> merely because symptoms wax and wane in the
> course of treatment.  Cycles of improvement and
> debilitating symptoms are a common occurrent, and
> in such circumstances it is error for an ALJ to
> pick out a few isolated instances of improvement
> over a period of months or years and to treat
> them as a basis for concluding a claimant is
> capable of working.

*Garrison v. Colvin*, 759 F.3d at 1017-18.

In this case the ALJ discounted Plaintiff's symptom testimony based on singular events and minimal daily activities of caring for her family.  Plaintiff's symptom testimony, however, is consistent with the opinions of Dr. Dobles and QMHP Stemer and with the information she reported to her medical providers.  In addition, the Court has concluded the ALJ failed

24 - OPINION AND ORDER

to provide legally sufficient reasons for discounting the
medical opinions of Dr. Dobles and QMHP Stemer.  Accordingly, on
this record the Court concludes the ALJ erred when she failed to
provide clear and convincing reasons supported by substantial
evidence in the record for discounting Plaintiff's subjective
symptom testimony.


<u>**REMAND**</u>

The Court must determine whether to remand this matter for
further proceedings or to remand for the calculation and payment
of benefits.

The decision whether to remand for further proceedings or
for payment of benefits generally turns on the likely utility of
further proceedings.  *Carmickle*, 533 F.3d at 1179.  The court
may "direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172,
1178 (9th Cir. 2000).  The court should grant an immediate award

of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

As noted, the Court concludes the ALJ erred when she failed to provide legally sufficient reasons supported by substantial evidence in the record for discounting the opinions of Dr. Dobles and QMHP Stemer regarding Plaintiff's limitations. The Court has also concluded the ALJ erred when she failed to provide legally sufficient reasons for discounting Plaintiff's symptom testimony. Thus, the Court concludes consideration of the record as a whole establishes that the ALJ would be required to find Plaintiff disabled and to award benefits to Plaintiff if this evidence was credited.

Accordingly, the Court remands this matter for the immediate calculation and payment of benefits.

26 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 10th day of September, 2020.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge

27 - OPINION AND ORDER